UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.S., <br><br> Petitioner, <br><br> v. <br><br> Christopher LaROSE, et al., <br><br> Respondents. | Case No.: 25-cv-3783-AGS-JLB <br><br> **ORDER SCREENING PETITION AND REQUIRING RESPONSE** |

Petitioner E.S. seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

On "September 27, 2024," petitioner, a "Russian citizen and Ukrainian native," "presented himself at the U.S./Mexico border" and was "taken into [Department of Homeland Security] custody" as "an arriving alien." (ECF 1, at 4.) He has been detained at the "Otay Mesa Detention Center" since. (*Id.*) He was "denied all [removal] relief on May 30, 2025," but an appeal of that decision is pending. (*Id.*) He claims that, in the interim, his "15 months" prolonged mandatory detention "without an individualized bond hearing" violates "his due process rights." (*Id.* at 5.) So, he seeks "immediate release" or a "bond hearing." (*Id.* at 5–6.)

Some courts have concluded that prolonged detention for arriving aliens under 8 U.S.C. § 1225(b) can violate due process, so this claim is not frivolous or incredible. *See,*

*e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Thus, the government must respond. By **January 6, 2026**, respondents must answer the petition. Petitioner may reply by **January 13, 2026**. The Court will hold oral argument on **January 20, 2026**, at **4:00 p.m.**

Dated:  December 26, 2025

_____
Hon. Andrew G. Schopler
United States District Judge